UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DANIELLE E. BATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:13-CV-107 |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of two motions to enforce the parties' settlement agreement: "Plaintiff Danielle Batts's Emergency Motion to Revoke Voluntary Dismissal and Enforce Settlement Agreement" [doc. 32] and "UPS' Motion to Enforce Settlement Agreement as Revised" [doc. 47]. Also before the court is defendant's "Motion for Leave to File Documents Under Seal" [doc. 66] and "Plaintiff's Motion to Strike Defendant's Untimely Response" [doc. 69]. The motions are fully briefed and ripe for the court's determination.

I.

*Jurisdiction*

"[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) (citations omitted). When appropriate, a federal court must raise *sua sponte* the issue of subject matter jurisdiction, and it can do so at any time. *See Norris v.*

*Schotten*, 146 F.3d 314, 324 n.5 (6th Cir. 1998) (citations omitted). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Campanella*, 137 F.3d at 890 (citing Fed. R. Civ. P. 12(h)(3)).

Neither party has made any showing that this court has jurisdiction to rule on the motions that have been filed. On June 12, 2014, the parties entered a "Notice of Dismissal with Prejudice" [doc. 31] that in its entirety states: "Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties hereby stipulate to the dismissal of Plaintiff's Complaint with prejudice. The parties further agree that no discretionary costs, attorneys' fees, or expenses will be applied for or awarded." Plaintiff's action was dismissed, and the case was closed. Now, after dismissal and closure, the parties want the court to address their dispute concerning their settlement agreement. "Neither [Rule 41(a)(1)(A)(ii)] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).[1]

In *Kokkonen*, the case had been dismissed with prejudice pursuant to the provision of Rule 41 that permits dismissal of a case by a stipulation of dismissal signed by all parties who have appeared in the case. The Supreme Court held that enforcement of a settlement agreement that results in dismissal of an action in federal court is a separate breach-of-contract controversy that is distinct from the dismissed case. *Id*. "[A] simple order of dismissal based upon the existence of a settlement agreement [is]

---

[1] At the time of the Kokkonen decision, Rule 41(a)(1)(A)(ii) was titled 41(a)(1)(ii).

2

insufficient to invoke federal jurisdiction over any related enforcement issues." *Moore v. United States Postal Serv.*, 369 F. App'x 712, 716 (6th Cir. 2010) (citing *Kokkonen*, 511 U. S. at 378). Thus, the settlement agreement can only be enforced in state court, unless the settlement agreement contains a "retaining jurisdiction" provision or there is an "independent basis for jurisdiction." *Id*. at 381-82. No effort has been made by the parties in this action to ensure the continuing jurisdiction of the court. Therefore, an independent basis for jurisdiction must exist in order for the court to hear the present motions.

In *Limbright v. Hofmeister*, 566 F.3d 672 (6th Cir. 2009), the Sixth Circuit held that when a district court has diversity jurisdiction over a breach-of-settlement controversy, the court can enforce a settlement agreement that resulted in the dismissal of an earlier federal suit. The *Limbright* Court "explained that *Kokkonen* does not divest federal courts of jurisdiction over the enforcement of such settlements where there is diversity jurisdiction over the settlement enforcement." *Colyer v. Traveler's Ins. Co*., 525 F. App'x 308, 313 (6th Cir. 2013) (citing *id*. at 676).

This case was removed from state court, and diversity of citizenship pursuant to 28 U.S.C. § 1332 was one jurisdictional basis for removal. Defendant is an Ohio corporation, and plaintiff is a resident and citizen of Greene County, Tennessee. Because diversity of citizenship exists and the amount in controversy exceeds $75,000, the court has jurisdiction to hear the parties' motions concerning the enforcement of their settlement agreement.

3

## II.

*Motion to Strike*

On December 24, 2014, plaintiff filed a supplemental brief in support of her motion to enforce the settlement agreement [docs. 65, 72]. Defendant filed a response on January 12, 2015 [doc. 68]. Plaintiff filed a motion to strike the response on January 14, 2015, on the grounds that it was not timely. Plaintiff contends that in accordance with the court's local rules and Rule 6 of the Federal Rules of Civil Procedure, defendant's response was due no later than January 5, 2015. In response to the motion to strike, defendant argues that plaintiff's supplemental brief is in fact a request for additional relief not previously sought and therefore it should be considered a separate motion. Thus, it is defendant's position that its response was due on January 12, 2015, and was timely filed.

The court has reviewed the filings relevant to this issue. The court concludes that plaintiff is not prejudiced by having defendant's response to her supplemental brief having been filed seven days late. Nor is defendant prejudiced by the court considering plaintiff's supplemental brief as just that rather than a separate motion. The court can evaluate the content of the filings and determine their relevance to the settlement agreement enforcement issue.

Accordingly, the court will deny plaintiff's motion to strike. Defendant's motion to file its response to the supplemental motion under seal [doc. 66] will be granted.

III.

*Background* [2]

Plaintiff originally filed suit in state court alleging violation of certain Tennessee statutes and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. The defendant removed the case to this court on the basis of federal question and diversity jurisdiction. The plaintiff later amended her complaint to include claims based on the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Not long after defendant had filed a motion for summary judgment, the parties mediated the case and were able to reach a settlement. Defendant signed the settlement agreement on May 11, 2014, and plaintiff signed on June 4, 2014. The parties then filed a stipulation of dismissal with prejudice on June 12, 2014.

Defendant has not yet made payment as required by the settlement agreement. It is defendant's position that after the agreement was executed it realized that certain language (allegedly mandated by the IRS) had been omitted. Defendant refused to make payment until plaintiff signed an amended settlement agreement containing that language, which plaintiff refuses to do.

Plaintiff filed her motion to enforce the settlement agreement on July 8, 2014. Attached to that motion, and not placed under seal, was the parties' settlement agreement. On July 14, 2014, defendant moved to seal plaintiff's filing, citing the

---

[2] The court is limited as to the specific facts it can include in its written ruling as the parties' filings are now under seal.

5

settlement agreement's confidentiality requirement. The court granted that motion the following day. Defendant then filed its motion to enforce its proposed revised version of the settlement agreement on July 24, 2014.

IV.

*Analysis*

The court first, and easily, concludes that defendant materially breached the settlement agreement by refusing to make the required payment. In deciding whether a breach is material, courts consider the following factors:

> the extent to which the injured party will be deprived of the expected benefit; the extent to which the injured party can be compensated for the benefit of which he is deprived; the extent to which the breaching party will suffer forfeiture; [the likelihood that the breaching party will cure its failure]; and the extent to which the breaching party's behavior comports with standards of good faith and fair dealing.

*Todd v. Heekin*, 95 F.R.D. 184, 186 (S.D. Ohio 1982) (citing Restatement (Second) of Contracts § 241 (1981)).

Defendant's breach deprives plaintiff of her expected payment under the settlement agreement for which she will not otherwise be compensated. To the extent that the defendant will suffer the forfeiture of its expected benefits under the settlement agreement, that is a forfeiture of the defendant's own making. Further, defendant's filings with the court make clear that it has no intention of curing its breach. Lastly, defendant's sealed filings have not persuaded the court that the breach was justified. Defendant has filed a memorandum from the IRS Office of Chief Counsel as support for the proposition that the IRS requires that the parties' disputed language be included in

6

settlement agreements [doc. 48, ex. 4]. The court has reviewed that memorandum and cannot find that it stands for the proposition alleged. Defendant has also filed the declaration of its financial employee James L. Perry [doc. 49]. However, as plaintiff correctly points out, that declaration is based on hearsay of what "the IRS" has allegedly "directed UPS," and has thus not been considered. On the information presently before the court, defendant's failure to make payment does not comport with standards of good faith and fair dealing.

For these reasons, having considered the Restatement factors, the court concludes that defendant materially breached the parties' settlement agreement by refusing to make payment as it had agreed to do. Considering those very same Restatement factors, the court also concludes that plaintiff materially breached the settlement agreement by publicly filing that document as an attachment to its motion.

Plaintiff's disclosure deprived defendant of its expected benefit of confidentiality. At section 3(k) of the settlement agreement, plaintiff agreed that neither she nor her agent would disclose the terms of the agreement, that doing so would be treated as a violation of the agreement, and that defendant would be "irreparably harmed" by disclosure. The settlement agreement does permit disclosure "to the extent necessary legally to enforce this Agreement[.]" However, *publicly* filing the agreement in this court, as opposed to moving for leave to file the agreement under seal, far exceeds the degree of disclosure "necessary legally to enforce this Agreement[.]" While the court notes plaintiff's argument that defendant has not come forward with proof that anyone actually viewed the settlement agreement during the time that filing was unsealed,

7

plaintiff essentially seeks to make defendant prove the unprovable. Perhaps the agreement was viewed by other litigants or attorneys and perhaps it was not. Neither party has offered proof one way or the other, and it is a difficult fact to prove. Regardless, the court again stresses plaintiff's acknowledgement that defendant would be "irreparably harmed" by disclosure of the settlement agreement. Defendant cannot be easily compensated for that harm.

To the extent that plaintiff will suffer the forfeiture of her expected benefits under the settlement agreement, that is (as with the defendant) a forfeiture of plaintiff's own making. As to the likelihood of plaintiff curing the disclosure, what has been done is done. It is further noteworthy that the agreement was eventually placed under seal only because *defendant* so moved. Although not exactly an issue of "good faith and fair dealing," plaintiff's counsel's decision to publicly file the settlement agreement is inexcusable.

For these reasons, the court concludes that plaintiff's breach of the settlement agreement was material. That material breach discharges defendant's duty to perform under the settlement agreement. *See* Restatement (Second) of Contracts §§ 225, 237 (1981).

"Plaintiff Danielle Batts's Emergency Motion to Revoke Voluntary Dismissal and Enforce Settlement Agreement" will therefore be granted only in one small part. As plaintiff requests [doc. 33, p.9], the parties' stipulation of dismissal will be set aside. Pursuant to Federal Rule of Civil Procedure 60, "the court may relieve a party . . .

8

from a final judgment . . . for the following reasons: . . . (3) . . . misconduct by an opposing party; [and/or] (4) the judgment is void." Fed. R. Civ. P. 60(b)(3)-(4).

This civil action will be placed back on the court's trial calendar. It is stressed that the performance of all counsel in this case has, to date, fallen short of the standards and expectations of this federal court. But for the conduct of counsel, this case should have been resolved long ago.

V.

*Conclusion*

For the reasons discussed above, "Plaintiff Danielle Batts's Emergency Motion to Revoke Voluntary Dismissal and Enforce Settlement Agreement" [doc. 32] will be granted in small part but otherwise denied. "UPS' Motion to Enforce Settlement Agreement as Revised" [doc. 47] will be denied. Further, "Plaintiff's Motion to Strike Defendant's Untimely Response" [doc. 69] will be denied. Defendant's "Motion for Leave to File Documents Under Seal" [doc. 66] will be granted, and the Clerk will place document 68 under seal.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge